UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Travis Owens,

        Plaintiff,          Case Number: 24-cv-12047
                                       Honorable Denise Page Hood

v.

Mike Brown, et al.,

        Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

    Plaintiff Travis Owens is currently in the custody of the Michigan Department of Corrections. He has filed a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff claims that, during his incarceration at the Kinross Correctional Facility in 2022, he was sexually harassed by defendant Tazinowski and then transferred to a different facility in retaliation for filing a complaint under the Prison Rape Elimination Act. Having reviewed the complaint, the Court concludes that venue is not proper in this district and transfers the case to the United States District Court for the Western District of Michigan.

    Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) states:

    A civil action may be brought in –

1

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). Even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). A court may transfer a case on its own motion for improper venue. *Carver v. Knox Cty., Tennessee*, 887 F.2d 1287, 1291 (6th Cir. 1989).

The complaint names three defendants, all of whom Plaintiff identifies as Michigan Department of Corrections' employees working at the Kinross Correctional Facility in Chippewa County. The complaint arises from events occurring in Chippewa County. Chippewa County is in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). Because Defendants are located in the Western District and the complaint concerns events arising there as well, venue is

not proper in this district. The case will be transferred to the Western District of Michigan, where venue is proper.

Accordingly, it is ORDERED that the Clerk of the Court TRANSFER this case to the United States District Court for the Western District of Michigan. The Court makes no determination as to the merits of the complaint or any filing requirements.

IT IS SO ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated: September 10, 2024